**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| WENDY PALMER, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO:** |
| v. | : | **7:25-cv-65–WLS** |
| | : | |
| RAY PAULK, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

On March 30, 2026, Berrien County Sheriff's Department, Berrien County Board of Commissioners, Ray Paulk, William Addison, Alvin Clarkson, and Myron Glaze (collectively "Defendants") filed Defendants' Partial Motion to Dismiss (Doc. 35). Plaintiff Wendy Palmer filed this action *pro se*. The Court typically provides notice to *pro se* plaintiffs about how they may respond to a motion to dismiss. Hence, in an effort to ensure and to afford Plaintiff adequate notice regarding a motion to dismiss, the Court issues the instant Order. *See generally Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985) (per curiam).

When considering a motion to dismiss, the Court accepts as true all facts set forth in a plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *Twombly*, 550 U.S. at 556, Rule 41 of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

Under the procedures and policies of this Court, motions to dismiss are normally decided on the briefs. Plaintiff may submit her argument to this Court by filing a brief, not exceeding 20 pages, in opposition to Defendants' Partial Motion to Dismiss. M.D. Ga. L.R.

1

7.4. Furthermore, the Court's resolution of a motion to dismiss could result in granting judgment, and there would be no trial or further proceedings as to the matters included in Defendants' Partial Motion to Dismiss.

As Plaintiff is proceeding *pro se*, the Court shall permit Plaintiff an opportunity to file a Response to Defendants' Partial Motion to Dismiss, if she so desires, within **TWENTY-ONE (21) DAYS** of this Order or until **Tuesday, April 21, 2026**. Thereafter, the Court will consider Defendants' Partial Motion to Dismiss and any opposition to the same filed by Plaintiff and issue its ruling.

Plaintiff is noticed that if Defendants' Partial Motion to Dismiss is granted, Plaintiff's Complaint may be dismissed as to her claims included in such motion without further notice or proceeding. Plaintiff is further noticed that upon a timely written motion for a reasonable time to obtain counsel, the Court will consider the same before addressing Defendants' Partial Motion to Dismiss. Otherwise, Plaintiff is entirely responsible for filing a timely response to Defendants' motion.

**SO ORDERED**, this 1st day of April 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2